IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM SMADI, | |
| Petitioner, | |
| v. | Case No. 18-CV-1938-SPM |
| B. LAMMER, | |
| Respondent. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Hosam Smadi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks an expungement of a 2015 disciplinary ticket and restoration of forty-one days of lost good conduct credit (Doc. 1, p. 1). Respondent filed a response to the petition (Doc. 9). Smadi then filed a reply (Doc. 11).

### RELEVANT FACTS AND PROCEDURAL HISTORY

Smadi is currently serving a twenty-four year sentence imposed by the United States District Court for the Northern District of Texas for a violation of 18 U.S.C. §2332A(a)(2)(A), (B), and (D), attempted use of a weapon of mass destruction. *United States v. Smadi*, Case No. 09-CR-294-M-1 (N.D. Tex., Doc. 88).

On November 25, 2015, a correctional officer at USP Marion found Smadi in a corner of the prison courtyard filing down a pair of eyeglasses on the concrete wall (Doc. 1, p. 17). Smadi and the correctional officer then went into an office to discuss the possession and alteration of the glasses. (*Id*.). At the conclusion of the discussion, Smadi stated, "[s]omeday, when I get out, I'm going to personally get you." (*Id.).* The

correctional officer charged Smadi with violations of 28 CFR 541.3, Code 203 for "threatening another" and 28 C.F.R. 541.3, Code 305 for "possession of anything not authorized." On January 4, 2016, the Discipline Hearing Officer ("DHO") found Smadi guilty of both charges and revoked forty-one days of good conduct credit. (*Id.*).

## DISCUSSION

Inmates retain rights under the Due Process Clause, but prisoners in a disciplinary proceeding are not entitled to the "full panoply of rights" afforded to the accused in a criminal prosecution. *Wolff v. McDonald*, 418 US 539, 556 (1974). The minimum due process requirements for a disciplinary proceeding are: (1) advanced written notice of the claimed violation; (2) an opportunity to be heard by an impartial decision-maker; (3) an opportunity to call witnesses and present evidence when not unduly dangerous to safety or correctional goals; and (4) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073 (7th Cir. 1994). Congress does not require exhaustion for claims brought under 28 U.S.C. §2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs. *Id* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144). However, a common law exhaustion rule applies to § 2241 actions. *Richmond v. Scibina*, 387 F.3d 602, 604 (7th Cir. 2004).

The Bureau of Prisons ("BOP") has established an administrative appeal process for inmates wishing to challenge disciplinary proceedings. To appeal the disciplinary hearing officer's decision, an inmate must submit a BP-10 form to the Regional Director within 20 calendar days the disciplinary officer's decision. 28 C.F.R.

§ 542.15. The Regional Director then must respond within 30 calendar days or utilize an optional thirty-day extension. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP General Counsel on a BP-11 form within 30 calendar days of the Regional Director's response. 28 C.F.R. § 542.15. The appeal to the BOP General Counsel is the final step in the administrative review process, and remedies are deemed exhausted when the inmate receives a response from the BOP General Counsel or upon the expiration of the General Counsel's response time of 40 calendar days. 28 C.F.R. § 542.15; 28 C.F.R. § 542.18 (noting that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level").

Smadi submitted an initial appeal to the North Central Regional Office on January 14, 2016 (Doc. 9-3, p. 4). The Regional Office denied the appeal because it was illegible and contained too many pages. (*Id.*). Smadi resubmitted his appeal and it was received by the Regional Office on February 4, 2016. The Regional Office denied Smadi's appeal on March 30, 2016. (*Id.*). There is no record that Smadi submitted an appeal to the BOP General Counsel, the final step in the administrative appeals process. (*Id.*). By failing to complete the appeals process, Smadi has failed to exhaust his administrative remedies.

The common-law exhaustion requirement may be excused when, "substantial Constitutional questions are raised." *Gonzales*, 355 F.3d at 1016 (internal citations and quotations omitted). Although the common law allows exceptions, "the hurdle is high." (*Id.*).

Smadi attempts to circumvent the common-law exhaustion requirement by alleging a "substantial Constitutional question" (Doc. 1, p. 19).[1] He claims he was denied Due Process when the BOP failed to administer a competency exam at the time the acts were committed and at the disciplinary hearing (Doc. 1, p. 15). The Code of Federal Regulations ("Code") states that during any phase of the discipline process, inmates are examined by mental health staff if it appears that they are mentally ill. *See* 28 C.F.R § 541.6. At the disciplinary hearing, the DHO considers evidence of the inmate's mental competence at the time of the violation and at the time of the hearing. *See* 28 C.F.R § 541.6(a)-(b). If evidence indicates the inmate cannot understand "the nature of the disciplinary proceedings," the hearing may be postponed. 28 C.F.R. § 541.6(a). If the inmate, because of severe mental illness, cannot understand the "nature and quality, or wrongfulness of the act," they will not be disciplined. *See* 28 C.F.R § 541.6(b).

Contrary to Smadi's contention, the Code does not require the DHO to conduct a competency exam at the time of the incident nor at the time of the hearing. *See* 28 C.F.R. § 541.6(a)-(b). The Code only requires the DHO to consider competency evidence during the disciplinary process. *See* 28 C.F.R. § 541.6. During the disciplinary hearing, mental health staff did not present evidence regarding his mental state and Smadi did not present his own evidence. The DHO report does not discuss whether Smadi

---

[1] Smadi also claims the disciplinary hearing officer's decision to revoke good conduct credit was counter to the greater weight of the evidence. He attempts to shoehorn his disagreement with the decision as one that denied him due process, thus raising a Constitutional issue. However, this is a challenge on the merits of the decision and does not raise a substantial Constitutional issue.

appeared mentally incompetent during the disciplinary proceedings (Doc. 1, pp. 17-22).

Furthermore, the Code states an inmate will not be punished "when, as a result of severe mental disease or defect, [the inmate is] unable to appreciate the nature and quality, or wrongfulness of the act." *See* 28 C.F.R. § 541.6(a). During the disciplinary hearing, mental health staff did not present evidence regarding his mental state at the time of the conduct in question and Smadi did not present his own evidence. The DHO report also does not discuss Smadi's competence, or lack thereof at the time of the conduct. *See* Doc. 1 pp. 17-22.

The administrative process provided Smadi an opportunity to present evidence of his mental state at the time of his prohibited conduct and during his disciplinary hearing. Although the DHO report does not specifically discuss Smadi's mental state during the incident or the disciplinary hearing, there is no reason to infer Smadi was unable to appreciate the nature and quality, or wrongfulness of his act, nor is there reason to infer he was unable to understand or meaningfully participate in the hearing process. Even if Smadi exhibited signs of mental illness at the time, at most, this would be a violation of a Program Statement and a Regulation, not a due process violation. *Jean v. Johns*, 2021 WL 1097587, at *1 (S.D. Ga. March 22, 2021).

## Conclusion

Smadi did not exhaust administrative remedies and has not demonstrated an exception to the exhaustion requirement. Therefore, the Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. *See* Fed. R. App. Proc. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. Proc. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. Proc. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* Fed. R. App. Proc. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   June 14, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**